967 So.2d 650 (2007)
Robert RIGGS a/k/a Robert F. Riggs, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00482-COA.
Court of Appeals of Mississippi.
June 19, 2007.
Rehearing Denied October 30, 2007.
*651 Robert Riggs (Pro Se), Roy Kenionne Smith, attorneys for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
CHANDLER, J., for the Court.
¶ 1. Robert Franklin Riggs, pro se, appeals from the summary denial of his second post-conviction relief (PCR) motion filed in the Circuit Court of DeSoto County. Riggs claims that the trial court erred because: (1) Riggs pled guilty to simple assault and not aggravated assault, (2) the indictment failed to allege sufficient facts to establish aggravated assault, and (3) the trial judge erred in advising Riggs he could not appeal the trial court's actions. The lower court found that Riggs's second PCR was procedurally barred as a successive writ and, notwithstanding the procedural bar, the motion also failed on the merits. The court dismissed the motion pursuant to section 99-39-11(2) of the Mississippi Code Annotated (Rev.2006).
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Riggs was indicted on charges of two counts of aggravated assault and one count of kidnapping due to a domestic dispute with his live-in girlfriend on November 27, 2001, in DeSoto County, Mississippi. On January 31, 2003, Riggs entered an open plea of guilt to one count of aggravated assault. In return for his plea, the State agreed to remand one of the counts of aggravated assault as well as the kidnapping charge to the file. After conducting a plea qualification hearing, the court sentenced Riggs to a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 4. On January 16, 2004, Riggs filed his first PCR motion, alleging that his trial counsel was ineffective and that his guilty plea had not been freely and voluntarily made. The circuit court denied the motion and Riggs appealed. This Court affirmed the lower court's decision. Riggs v. State, 912 So.2d 162, 165(¶ 10) (Miss.Ct.App. 2005).
¶ 5. On January 26, 2006, Riggs filed a second PCR motion, which the circuit court also denied. The court found that Riggs's motion was an impermissible successive attempt at post-conviction relief and that the motion also failed on the merits.

STANDARD OF REVIEW
¶ 6. When reviewing the lower court's denial of a motion for post-conviction relief, this Court will not disturb the lower court's fact-findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). When questions of law are raised, our standard of review is de novo. Id.

LAW AND ANALYSIS
¶ 7. Riggs appeals the denial of his second PCR motion entitled, "Second and *652 Successive Motion For Post Conviction Relief To Vacate And Set Aside Conviction And Sentence." Mississippi Code Annotated Section 99-39-23(6) (Rev.2006) states in pertinent part that, "any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." Exceptions may be made if the prisoner demonstrates that there has been either an intervening decision of the United States Supreme Court or the Mississippi Supreme Court which would have "actually adversely affected the outcome of his conviction or sentence," or that new evidence has surfaced which, had it been introduced at trial, would have caused a different result in the conviction or sentence. Miss. Code Ann. § 99-39-23(6). The evidence offered must not have been reasonably discoverable at the trial. Id. Riggs has cited no applicable intervening cases or newly discovered evidence that would have excepted his claim from the procedural bar on successive post-conviction relief motions. Clark v. State, 898 So.2d 687, 689(¶ 5) (Miss.Ct.App.2004). Therefore, we find that this second PCR motion is procedurally barred as a successive writ and we affirm the lower court's denial of the PCR motion.
¶ 8. Notwithstanding the procedural bar, we will briefly address the merits.
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING RIGGS'S GUILTY PLEA FOR AGGRAVATED ASSAULT.
¶ 9. Riggs claims that he pled guilty to simple assault and by accepting his plea as that for aggravated rather than simple assault, the trial court committed reversible error. He relies on a portion of the hearing transcript to assert this argument:
THE COURT: Having advised you of all of this, I ask how do you plead?
RIGGS: Guilty.
THE COURT: And why are you pleading guilty?
RIGGS: I just want it over with.
THE COURT: Well, I mean, are you guilty?
RIGGS: To some extent.
BY MR. SPRIGGS (Riggs's attorney): Are you guilty of assault?
RIGGS: I was guilty of assault, yes, sir.
THE COURT:(Continuing). Well, why do you say to some extent?
RIGGS: I just___
THE COURT: Do you have questions about it?
RIGGS: No, sir.
THE COURT: Are you sure?
RIGGS: Yes, sir.
¶ 10. Based on this exchange, Riggs claims that he only pled guilty to simple assault and not aggravated assault. However, a plain reading of the transcript as a whole and the context surrounding the hearing refute Riggs's assertion. Riggs was indicted on two counts of aggravated assault and one count of kidnapping. In return for a guilty plea, the State agreed to drop one of the aggravated assault charges and the charge for kidnapping. Therefore, Riggs filed an open plea of guilt in which he stated that he was guilty of one count of aggravated assault. At the hearing to determine the voluntariness of his plea, the trial judge began by asking Riggs if he understood that he was charged with aggravated assault. Riggs replied in the affirmative. Only later in the hearing did the above exchange occur in which Riggs stated that he was guilty of "assault."
*653 ¶ 11. Upon reviewing the petition to enter a guilty plea, the text of the hearing and the context in which the above comments were made, we find that Riggs did, in fact, knowingly and voluntarily plead guilty to the charge of aggravated assault. Therefore, this issue is without merit.
II. WHETHER THE INDICTMENT FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH THE ELEMENTS OF AGGRAVATED ASSAULT.
¶ 12. Riggs next argues that the indictment charging him with aggravated assault is faulty because it did not include the specific language required under section 97-3-7(2)(b) of the Mississippi Code Annotated (Rev.2006).[1] However, Riggs conveniently excludes the portion of the language which he claims to be in error. Upon review of the indictment, we find the text sufficiently tracks the language of the statute:
Robert Franklin Riggs . . . did willfully, unlawfully and feloniously, purposely or knowingly cause bodily injury to Carol Carpenter with a deadly weapon or other means likely to produce death or serious bodily harm, to-wit: his fists, by striking Carol Carpenter repeatedly with his fists and choking her, in direct violation of Section 97-3-7(2)(b)[.]
(emphasis added).
¶ 13. Riggs further argues that whether his fists constitute a deadly weapon was a matter for a jury to decide. However, Riggs waived his right to have this issue determined by a jury when he entered his guilty plea. He is also erroneous in his interpretation of the elements required for aggravated assault. Riggs asserts that the State must prove that the victim suffered "serious" bodily injury. However, the proper inquiry is whether the "bodily injury" was caused with "other means likely to produce serious harm." Jackson v. State, 594 So.2d 20, 24 (Miss. 1992).
¶ 14. Because the language of the indictment is in accordance with the applicable statute and sufficient facts supporting such a charge are also set forth in the indictment, we find this issue to be without merit.
III. WHETHER THE TRIAL COURT ERRED BY STATING THAT RIGGS COULD NOT APPEAL THE TRIAL COURT'S ACTIONS.
¶ 15. Riggs's final assertion is that the trial court improperly instructed that a direct appeal of his sentence would be unavailable to him pursuant to a guilty plea. Upon a thorough review of the plea hearing transcript, we find that Riggs's claim is not supported. During the plea qualification hearing, the trial judge stated, "[s]ome lawyers apparently tell their clients they can appeal a plea. There is no appeal on a plea." The lower court did not tell Riggs that he could not appeal his sentence. The court had not even begun the sentencing phase at the time of this exchange. Rather, the court was merely instructing Riggs of the rights he would waive pursuant to a guilty plea. Further, Riggs did file a notice of appeal with the Mississippi Supreme Court contesting his conviction and sentence. The appeal was dismissed because Riggs did not file an appellate brief. Therefore, this issue is also without merit. Accordingly, we affirm the lower court's denial of Riggs's second PCR motion.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY *654 DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Per section 97-3-7(2)(b), "A person is guilty of aggravated assault if he . . . (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. . . ."