LEE, C.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On September 5, 2007, Ollie Lee Evans Jr. pleaded guilty in the Forrest County Circuit Court for failure to re-register as a sex offender. Evans was sentenced as a habitual offender to serve five years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. At some point thereafter, Evans filed a motion for post-conviction relief (PCR). The record is unclear as to when this PCR motion was filed. It also seems the record does not contain a copy of this PCR motion. There are several handwritten motions, but some of the motions only include the first page, and none are stamped as filed in the circuit clerk’s office. Evans attached an order to his brief that indicated the trial court had summarily dismissed Evans’s first PCR motion. This order was signed on August 4, 2010.
 

 
 *1120
 
 ¶ 2. Evans filed another PCR motion in September 2009. The trial court dismissed Evans’s PCR motion as a successive writ due to the prior PCR motion. This order was signed on August 12, 2010, and it noted that Evans’s first PCR motion was dismissed on August 4, 2010. The trial court did discuss the merits, but the court found that Evans’s issues relating to an illegal sentence, false imprisonment, double jeopardy, and ineffective assistance of counsel were without merit.
 

 ¶ 3. In his appeal, Evans argues the same issues, which the trial court addressed, namely that: his sentence was illegal; he was falsely imprisoned; double jeopardy applies; and his attorney was ineffective.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s dismissal of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 5. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2011), all successive motions are barred if the prisoner has previously filed a PCR motion. Evans’s first PCR motion was without merit and dismissed by the trial court. Evans’s second PCR motion was, thus, a successive motion. Furthermore, Evans has failed to point to an exception listed in section 99-39-23(6) to overcome the successive-writ bar. This issue is without merit.
 

 ¶ 6. Were we to address Evans’s issues on the merits, we would also find no merit. Evans’s issues are merely assertions and are not substantiated with anything more to support them.
 

 ¶ 7. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. MYERS, J., NOT PARTICIPATING.