CARLTON, J.,
for the Court:
¶ 1. On July 31, 1991, Mondrick Bradley was' convicted of homicide and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC).[1] Bradley was subsequently released on parole on March 21, 2001. Bradley was then returned from parole into the custody of the MDOC on February 27, 2002, and on August 14, 2003, he was indicted for the possession of cocaine in an amount more than 0.1 gram but less than 2 grams. On October 5, 2004, Bradley pleaded guilty to the charge of possession of cocaine, and the trial court imposed a three-month sentence in the custody of the MDOC.
¶ 2. On or about March 9, 2010, the MDOC denied Bradley parole. Bradley subsequently requested an administrative review, which was denied. Bradley then filed a motion for post-conviction relief (PCR) in the Hinds County Circuit Court. The circuit court dismissed Bradley’s PCR motion finding it barred as a successive motion under Mississippi Code Annotated section 99-39-23(6) (Supp.2011). Bradley appeals, raising the following assignments of error: whether he received (1) “an [filie-gal [fimposed [s]entence;” and (2) “an [illegal [fimposed [revocation].” Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. This Court will not reverse a trial court’s dismissal of a PCR motion absent a finding that the trial court’s decision was clearly erroneous. Evans v. State, 75 *83 So.3d 1119, 1120 (¶ 4) (Miss.Ct.App.2011). However, we employ a de novo standard of review when issues of law are raised. Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
DISCUSSION
¶ 4. As explained by the circuit court in its order of dismissal, Bradley has previously filed three petitions for PCR, which were all denied by the circuit court. Under section 99-39-23(6), “all successive motions are barred if the prisoner has previously filed a PCR motion.” Id. at 1120 (¶ 5). Exceptions to this statutory bar exist in cases where “ ‘an intervening decision of the United States Supreme Court or the Mississippi Supreme Court’ adversely affects the outcome of the prisoner’s conviction or sentence, or where new evidence, not reasonably discoverable at trial, ‘has surfaced which would have caused a different result in the conviction or sentence.’ ” Owens v. State, 17 So.3d 628, 635 (¶ 18) (Miss.Ct.App.2009) (quoting Riggs v. State, 967 So.2d 650, 652 (¶7) (Miss.Ct.App.2007)). “A third ‘exception requires the prisoner to show that either his sentence has expired or his parole, probation or conditional release has been unlawfully revoked.’ ” Id. (quoting Bowie v. State, 949 So.2d 60, 62 (¶ 6) (Miss.Ct.App.2006)). The movant has the burden to show that he has met a statutory exception, Adams v. State, 954 So.2d 1051, 1053 (¶ 7) (Miss.Ct.App.2007). In the present case, Bradley has failed to present evidence to satisfy an exception. This issue is without merit.
¶ 5. Were we to address Bradley’s issues on the merits, we would also find no merit. We recognize that “the parole board, not the circuit court, has exclusive authority for the granting of parole within the parameters set forth in Mississippi Code Annotated section 47-7-3 (Supp.2009).” Chandler v. State, 27 So.3d 1199, 1201 (¶ 10) (Miss.Ct.App.2010). See Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 11) (Miss.2003) (“[The patrol board’s] control is independent of the circuit court’s sentencing authority.”) (citation omitted). Moreover, Bradley’s issues are merely assertions, and Bradley fails to substantiate the assertions with anything more.
¶ 6. Based on the forgoing, we affirm the trial court’s dismissal of Bradley’s PCR motion.
¶ 7. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The dates pertaining to Bradley's previous conviction and his parole release and return are provided to this Court from his MDOC Inmate Time Sheet.