CARLTON, J„
for the Court:
¶ 1. Larry R. Wilbanks appeals the judgment of the Alcorn County Circuit Court dismissing his motion for post-conviction relief (PCR) as a successive writ. Wil-banks raises the following assignments of error: whether (1) he failed to enter an intelligent, knowing, and voluntary guilty plea; (2) his confession to law-enforcement officers was coerced and should have been suppressed; (3) his trial counsel rendered ineffective assistance; and (4) he received an illegal sentence. Finding no error, we affirm.
FACTS
¶ 2. A grand jury before the Alcorn County Circuit Court indicted Wilbanks for burglary of a dwelling with intent to commit robbery (count I), as well as the rape (count II) and sexual battery (count III) of Elva Smith. Smith was over the age of sixty-five years old when these felonies occurred, which qualified Wilbanks for enhanced sentencing under Mississippi Code Annotated section 99-19-357 (Rev. 2007).
¶ 3. On April 8, 2005, Wilbanks pled guilty to burglary (count I) and rape (count II). Wilbanks also pled guilty to sexual battery (count III) pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Wilbanks waived his right to a jury trial for the sentencing proceedings.[1] On July 21, 2005, after a sentencing hearing, the circuit court imposed upon Wilbanks three enhanced sentences of fifty years (count I), sixty years (count II), and sixty years (count III) to serve in the custody of the Mississippi Department of Corrections (MDOC). The court ordered the sentences to run consecutively.
¶ 4. Wilbanks has previously filed a PCR motion, which the circuit court denied on December 7, 2007. In the circuit court’s December 2007 order, the court found no merit to Wilbanks’s claims of improper police procedures, involuntary plea, illegal and excessive sentence, and ineffective assistance of counsel.
¶ 5. On September 13, 2011, Wilbanks filed another PCR motion. The circuit court dismissed the PCR motion, finding the motion barred as a successive writ. In making its findings, the court noted that Wilbanks alleged basically the same errors raised in his previous PCR motion.
¶ 6. Wilbanks now appeals.
*591 STANDARD OF REVIEW
¶ 7. “When reviewing a [circuit] court’s denial or dismissal of a motion for post-conviction relief, we "will reverse the judgment of the [circuit] court only if its factual findings are clearly erroneous; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Grogan v. State, 89 So.3d 617, 619-20 (¶ 5) (Miss.Ct.App.2011) (citation omitted).
DISCUSSION
I. SUCCESSIVE WRIT
¶ 8. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) generally bars successive motions from this Court’s review. White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011). Under Mississippi Code Annotated séction 99-39-23(6) (Supp.2012), “all successive motions are barred if the prisoner has previously filed a PCR motion.” Evans v. State, 75 So.3d 1119, 1120 (¶ 5) (Miss.Ct.App.2011).
¶ 9. Wilbanks’s present PCR motion is a successive writ because it is at least his second PCR motion. As noted by the circuit court, Wilbanks alleged in his prior PCR motion basically the same errors asserted in this appeal.
¶ 10. Accordingly, we must look to see whether an exception to the procedural bar applies.
II. EXCEPTIONS
¶ 11. The movant bears the burden of showing that he satisfies a statutory exception. White, 59 So.3d at 635 (¶8) (citation omitted). “Exceptions to this statutory bar exist in cases where ‘an intervening decision of the United States Supreme Court or the Mississippi Supreme Court’ adversely affects the outcome of the prisoner’s conviction or sentence, or where new evidence, not reasonably discoverable at trial, ‘has surfaced which would have caused a different result in the conviction or sentence.’ ” Bradley v. State, 89 So.3d 82, 83 (¶4) (Miss.Ct.App.2012). “A third ‘exception requires the prisoner to show that either his sentence has expired or his parole, probation or conditional release has been unlawfully revoked.’ ” Id. Additionally, “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). However, mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.Ct.App.2010). At least some basis must appear for the truth of the claim before this Court will waive the procedural bar. Id.
¶ 12. In an attempt to circumvent the statutory bar, Wilbanks argues the following: he failed to enter an intelligent, knowing, and voluntary guilty plea; law-enforcement officers coerced his confession; he received ineffective assistance of counsel; and he received an illegal sentence. The circuit court addressed basically the same errors asserted in this appeal in the circuit court’s ruling upon Wilbanks’s previous PCR motion in 2007. Furthermore, Wilbanks’s newest PCR motion fails to overcome the successive-writ bar.
¶ 13. The record in the present case belies all of Wilbanks’s claims. The plea colloquy shows that Wilbanks entered knowing, voluntary, and intelligent pleas, and it evidences a factual basis for the pleas. The plea colloquy also reflects that Wilbanks knowingly waived his constitutional rights, and that he stated under oath that he was satisfied with his attorney’s services and advice. The record shows no evidence of police coercion, as alleged by *592 Wilbanks. At his plea hearing, Wilbanks admitted under oath that he had committed the crimes of burglary and rape. Upon reviewing the evidence with his trial counsel, Wilbanks also admitted that sufficient evidence existed for the State to prove the sexual-battery charge to a jury, and that he entered his plea of guilty because he believed the plea was in his best interest.
¶ 14. Additionally, the record includes the transcript from the sentencing hearing, which reflects that Wilbanks voluntarily and intelligently waived his right to a jury trial at a separate sentencing hearing that dealt with the factual basis for the enhancement of his sentences. See Miss. Code Ann. § 99-19-355. The sentences imposed by the circuit court at the sentencing hearing fall within the statutory limits for burglary, rape, and sexual battery. See Woods v. State, 71 So.3d 1241, 1246 (¶ 15) (Miss.Ct.App.2011) (“An appellate court generally will not disturb a sentence where it does not exceed the statutory maximum.”); see also Miss.Code Ann. §§ 97-17-23 (Supp.2012), 97-3-65 (Supp. 2012), 97-3-101 (Rev.2006). Further, the circuit court found that sufficient evidence existed for finding that Wilbanks qualified for enhanced sentencing. See Miss.Code Ann. § 99-19-357. Wilbanks’s assignments of error are without merit.
CONCLUSION
¶ 15. Since Wilbanks failed to present any evidence to move his PCR motion beyond the procedural bar, the circuit court committed no error in dismissing his PCR motion as barred as a successive writ.
¶ 16. THE JUDGMENT OF THE AL-CORN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. See Miss.Code Ann. §§ 99-19-355 (Rev. 2007), 99-19-357.