JAMES, J.,
dissenting:
¶ 15. I would find that the circuit court lacked jurisdiction to enhance the sentence for the charge of aggravated assault, making the forty-year sentence illegal; therefore, I respectfully dissent.
¶ 16. Successive motions are generally barred under the Mississippi Uniform Post-Conviction Collateral Relief Act (UP- *1195 CCRA). Miss.Code Ann. § 99-9-23(6) (Rev.2015). Under section 99-39-23(6), all successive motions are barred if the prisoner has previously filed a PCR motion. Evans v. State, 75 So.3d 1119, 1120 (¶ 5) (Miss.Ct.App.2011). Because Williams’s present PCR motion is a successive -writ, this Court must look to see whether an exception to the procedural bar applies.
¶ 17. It is well established that errors affecting fundamental rights are excepted from the procedural bars of the UPCCRA. Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). Williams, however, bears the burden of proving by a preponderance of the evidence that his claims are not procedurally barred. Adams v. State, 954 So.2d 1051, 1052 (¶ 6) (Miss.Ct.App.2007). Williams alleges that his sentence for aggravated assault is illegal because the court did not have jurisdiction to impose the sentence since he never waived his right to a sentencing jury,
¶ 18. The right to be free from an illegal sentence or a sentence imposed by a court lacking jurisdiction is a fundamental right. See Ivy v. State, 731 So.2d 601, 603 (¶¶ 9-17) (Miss.1999); Kennedy v. State, 626 So.2d 103, 105 (Miss.1993). With that in mind, section 99-19-355(1) of the Mississippi Code Annotated (Rev.2015) provides in pertinent part:
If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury,... The state and the defendant, or his counsel, or both defendant and counsel, shall be permitted to present arguments for or against any sentence sought.
Section 99-19-355 states that a sentencing proceeding should not be conducted before the court unless the defendant waives his right to have the sentencing proceeding conducted before a jury. Since the State sought to enhance Williams’s sentence due to the advanced age of the victim, section 99-19-355 applies.
¶ 19. Williams’s plea colloquy provides in part:
THE COURT: But by signing these petitions here under your oath, telling me under your oath that you have had free consultation with your lawyer, telling me under your oath that you are satisfied with what your layer has done for you, you waive or you give up that right to a trial by a jury, do you understand that, Mrs. Drake?[1]
DRAKE: Yes, sir.
[[Image here]]
THE COURT: Do you understand that Mr. Williams?
WILLIAMS: Yes, sir.
¶ 20. Williams never waived his right to have a jury empaneled for sentencing purposes as required by statute. While Williams did waive his right to a jury for purposes of deciding guilt, he did not do the same for the purpose of being sentenced. The circuit court consequently lacked jurisdiction to impose any enhancement, rendering Williams’s sentence illegal. Accordingly, the present PCR is not procedurally barred. I, however, must point out that only Williams’s sentence for aggravated assault was enhanced. And for these reasons, I would reverse and remand this matter for a sentencing hear *1196 ing to be conducted before a jury only for the aggravated assault charge, if it is not waived by Williams.
¶ 21. As such, I find that the judgment of the circuit court dismissing the PCR motion should be reversed and remanded for a sentencing hearing to be conducted before a jury for only Count III, aggravated assault.
LEE, C.J., IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.

. The record reflects that the trial court heard plea agreements for several defendants, not just Williams, within this one hearing.