# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00173-COA

**MONDRIC BRADLEY A/K/A MONDRIC F. BRADLEY A/K/A BRADLEY MONDRICK A/K/A BRADLEY MONDRIC**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2022 |
| TRIAL JUDGE: | HON. ADRIENNE ANNETT HOOPER-WOOTEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MONDRIC BRADLEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY B. FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/24/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Mondric Bradley appeals from the order of the Hinds County Circuit Court denying his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Bradley was convicted in 1991 of deliberate-design murder and sentenced to life in prison. He was released on parole in March 2001 but was placed in custody in February 2002 on other charges and then indicted in August 2003 for possessing more than 0.1 gram but less than 2 grams of cocaine. Bradley pleaded guilty to the drug charge and was

sentenced to serve three months in custody, set to serve consecutively to his prior life sentence.

¶3. In 2010, Bradley was denied parole, and he requested an administrative review, which was denied. *See Bradley v. State*, 89 So. 3d 82, 82 (¶2) (Miss. Ct. App. 2012). He then filed a PCR motion in the Hinds County Circuit Court. *Id.* The court dismissed his PCR motion, finding that it was procedurally barred as a successive motion under Mississippi Code Annotated section 99-39-23(6) (Supp. 2009). *Id.* Bradley appealed, and this Court affirmed, finding that Bradley previously had filed three PCR motions that were denied and that he failed to provide any evidence of a statutory exception to the bar on successive PCR motions to allow the motion to go forward. *Id.* at (¶4). Furthermore, we addressed Bradley's issues on the merits and found them to be without merit. *Id.* at (¶5).

¶4. In November 2018, Bradley made another filing seeking "[t]he vacation of all denying orders" and claimed that his parole had been "illegally" revoked. The circuit court treated this filing as another PCR motion and subsequently found that it was again barred as a successive motion under section 99-39-23(6), dismissing the petition with prejudice. Bradley appealed from the order.

## STANDARD OF REVIEW

¶5. "This Court will not reverse a trial court's dismissal of a PCR motion absent a finding that the trial court's decision was clearly erroneous." *Bradley*, 89 So. 3d at 82-83 (¶3) (citing *Evans v. State*, 75 So. 3d 1119, 1120 (¶4) (Miss. Ct. App. 2011)). When issues of law are

2

raised, we review them de novo. *Id.*

## DISCUSSION

¶6.     Bradley argues on appeal that he is entitled to relief from an "illegal" detention after the wrongful revocation of his parole and that his guilty plea is invalid. Again, the circuit court found that Bradley's motion was barred as successive under section 99-39-23(6). Finding no exceptions to the procedural bar, we agree and further conclude that the motion is time-barred.

¶7.     Section 99-39-23(6) states that any ruling, dismissal, or denial of relief from a PCR motion is deemed final and shall be conclusive until reversed. Miss. Code Ann. § 99-39-23(6). Furthermore, any second or successive motions under the article are barred. *Id.* There are some exceptions to this bar, including a showing of new intervening caselaw from the Mississippi Supreme Court or the United States Supreme Court that affects the case, or instances where the petitioner's sentence expired or his parole, probation, or conditional release was unlawfully revoked. *Id.* In addition, there are exceptions to the procedural bar when certain "fundamental rights" are violated. *See Rowland v. State*, 42 So. 3d 503, 506-07 (¶¶10-11) (Miss. 2010), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016).

¶8.     In his brief, Bradley argues that his previous parole was unlawfully revoked and that his detention has been "illegal" since the parole revocation. However, he does not provide any evidence; rather, he makes several unsubstantiated assertions. Although he cites

caselaw, he provides no facts making the law applicable. *See* M.R.A.P. 28(a)(7). Bradley made the same arguments in previous PCR motions, and we found those claims were procedurally barred and without merit. *Bradley*, 89 So. 3d at 82-83 (¶¶2-5). We reach the same conclusion today and also find that Bradley has failed to establish that his successive motion falls under an exception to this procedural bar.

¶9.    Bradley also argues that his initial guilty plea was invalid because he intended to plead not guilty. This claim is time-barred. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Section 99-39-5 sets a three-year statute of limitations for filing the motion after an appellate court has heard the case on direct appeal or in the case of a guilty plea, within three years after entry of the judgment. *Id.* Like with section 99-39-23(6), there are statutory exceptions to the procedural bar. *Id.* § 99-39-5(2)(a)-(b). However, Bradley provides no evidence that any of the exceptions are applicable in his case. Therefore we find this issue is without merit.

## CONCLUSION

¶10.    Bradley's PCR is one in a line of several motions by him that have been denied or dismissed. He has provided no evidence for his claims, only making unsubstantiated assertions. His motion is both successive and time-barred. Therefore, we affirm the order of the circuit court dismissing his motion.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

4