# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00763-COA

**MONDRIC BRADLEY A/K/A MONDRICK BRADLEY A/K/A MONDRICK FROZELL BRADLEY**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:              06/29/2023
TRIAL JUDGE:                   HON. ADRIENNE HOOPER-WOOTEN
COURT FROM WHICH APPEALED:     HINDS COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        MONDRIC BRADLEY (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: CASEY BONNER FARMER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 07/23/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Mondric Bradley appeals the denial of his most recent motion for post-conviction relief (PCR). He claims that he has been illegally incarcerated for over twenty years for a mere technical parole violation for which he should have only served ninety days in a technical violation center. He also alleges that his 2004 guilty plea to a cocaine possession charge was not voluntary. He had raised these same issues in prior PCR motions, which were dismissed. The Hinds County Circuit Court dismissed his current PCR motion as successive and therefore barred. The court also denied relief after determining there was no merit to his substantive claims. Having considered Bradley's arguments on appeal, and based on our

review of the record, we affirm the circuit court's denial of his current PCR motion because it is a successive motion.[1]

**Facts**

¶2.     On July 31, 1991, Bradley was convicted of deliberate design murder and sentenced to life in prison.[2]  He was paroled on March 21, 2001, but returned to the custody of the Mississippi Department of Corrections (MDOC) on February 27, 2002, on other charges.[3] On August 14, 2003, he was indicted for the possession of more than 0.1 gram but less than 2 grams of cocaine.  On October 5, 2004, Bradley pleaded guilty to the charge, and the trial court sentenced him to serve a three-month sentence in MDOC's custody, set to run consecutively to his prior life sentence.

¶3.     On March 9, 2010, the MDOC denied Bradley parole.  Bradley requested an administrative review, which was denied, and Bradley filed a motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-39-5, which enumerates various grounds a defendant can raise to set aside or correct his conviction, including unlawfully

---

[1] Although not raised as in issue in this case, Bradley's claims are also time-barred. Bradley challenges the voluntariness of his guilty plea in 2004 and the denial of his parole in 2010.  However, the Mississippi Uniform Post-Conviction Relief Act (UPCCRA) required his PCR motion to be filed within three years after entry of the judgment of conviction following the guilty plea.  Miss. Code Ann. § 99-39-5(2) (Rev. 2020); *Fisher v. State*, 373 So. 3d 595, 596 (¶7) (Miss. Ct. App. 2023).  Accordingly, Bradley's current PCR motion filed in 2018 is also time-barred.

[2] We summarize Bradley's criminal history from his other reported cases.  *See Bradley v. State* (*Bradley I*), 89 So. 3d 82 (Miss. Ct. App. 2012), and *Bradley v. State* (*Bradley II*), 369 So. 3d 74 (Miss. Ct. App. 2023).

[3] Nothing in the record or prior opinions gives the specific charges that led to Bradley's return to custody.

holding a defendant in custody.[4] The circuit court dismissed the PCR motion as a successive motion because he apparently had filed three previous motions for PCR. *Bradley I*, 89 So. 3d at 83 (¶4). Bradley appealed and claimed that he was serving an illegal sentence and that the revocation of his parole was illegal as well. *Id.* at 82 (¶2). This Court affirmed the trial court's dismissal of Bradley's PCR motion. *Id.* at 83 (¶6). We noted the prior PCR motions that Bradley had filed and cited the section of the PCR statute, Mississippi Code Annotated section 99-39-23(6), which bars successive motions if a prisoner had previously filed a PCR motion.[5] *Bradley I*, 89 So. 3d at 83 (¶4). We also found no merit to his denial of parole claim because the parole board has exclusive authority to grant or withhold parole. *Id.* at (¶5).

¶4. On November 20, 2018, Bradley filed another action seeking to vacate all orders denying him parole. He again claimed that his parole had been illegally revoked and that his

---

[4] Section 99-39-5(1) provides:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims:
>
> . . . .
>
> (h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody . . . .

[5] This subsection reads:

> (6) The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.

guilty plea was invalid. *Bradley II*, 369 So. 3d at 75 (¶6). The circuit court treated his filing as a PCR motion, which it dismissed on February 11, 2019, under the successive-motions bar. Bradley appealed, and on January 24, 2023, this Court affirmed the ruling. *Id*. at 76 (¶10). We denied Bradley's motion for rehearing on May 16, 2023. On August 12, 2023, the Mississippi Supreme Court denied Bradley's petition for writ of certiorari.

¶5.     Thereafter, Bradley filed various motions with this Court to reconsider our January 24, 2023 ruling. We reiterated in several orders that the Mississippi Supreme Court had denied Bradley's petition for writ of certiorari and that the jurisdiction of the appellate courts was terminated.

¶6.     However, prior to the Supreme Court's denial of certiorari review, Bradley, pro se, filed the current action in the Hinds County Circuit Court, which the circuit court considered a PCR motion.[6] On May 23, 2023, the circuit court entered an order denying the PCR motion Bradley had filed. Bradley did not appeal from that order.

¶7.     On June 21, 2023, Bradley made yet another request, which the circuit court considered a PCR motion. In it, Bradley alleged that the court's May 23, 2023 order was "illegal," and raised the same issues he raised in prior PCR motions, namely the alleged illegal revocation of his parole and involuntariness of his guilty plea. But Bradley added another issue, namely, that the successive-motions bar is unconstitutional.

¶8.     On June 29, 2023, the circuit court denied Bradley's PCR motion, finding it was

---

[6] Each filing is entitled, "The Nature of Percedure" [sic], and sometimes the pleading simply deals with Bradley's attempt to timely mail the document and request for an extension; other filings contain substantive arguments.

4

barred as successive and that Bradley had failed to provide proof to substantiate any statutory exception.[7] Nonetheless, the circuit court proceeded to uphold the parole board's decision not to grant parole and noted if Bradley felt the revocation of his parole had been illegal, he should have pursued habeas corpus relief. The circuit court reiterated that there is no constitutionally recognized interest in parole and that the circuit court had no authority to force the parole board to grant Bradley parole.

¶9.     Bradley appeals and argues (1) that he has been incarcerated for over twenty years on a technical parole violation when he was only supposed to serve just one year; (2) that the Court of Appeals erred and violated his fundamental rights when it illegally dismissed his PCR motion under the "statutory writ of barr" [sic], presumably meaning the successive-motions bar; and (3) that all prior dismissals of his PCR motions were illegal because the Mississippi Supreme Court has ruled that the successive motions bar is unconstitutional.

**Standard of Review**

¶10.   "Our review of the summary dismissal of a PCR motion, a question of law, is de

---

[7] The statute barring successive PCR motions allows for certain exceptions to the bar as detailed in section 99-39-23(6) (Rev. 2020):

> Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

5

novo." *Toney v. State*, 380 So. 3d 343, 345 (¶4) (Miss. Ct. App. 2024) (citing *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018)). Summary dismissal is proper if, beyond a doubt, the petitioner can prove no set of facts that would entitle him to relief. *Id*.

**Discussion**

¶11. Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) provides that a circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." "Under the UPCCRA, relief is granted only if the application, motion, exhibits, and prior record show that the claims are not procedurally barred and that they present a substantial showing of the denial of a state or federal right." *Ronk v. State*, No. 2021-DR-00269-SCT, 2024 WL 131639, at \*2 (¶13) (Miss. Jan. 11, 2024) (citing *Garcia v. State*, 356 So. 3d 101, 110 (¶33) (Miss. 2023)), *reh'g denied* (Miss. July 18, 2024).

¶12. Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. *Evans v. State*, 115 So. 3d 879, 880 (¶2) (Miss. Ct. App. 2013). As noted earlier, there are three statutory exceptions to the successive-motions bar: when an intervening appellate decision would have adversely affected the outcome of a defendant's conviction or sentence; when there is evidence not reasonably discoverable at the time of the trial that would have caused a different result in the conviction or sentence; or when probation, parole, or conditional release has been unlawfully revoked or the sentence expired. Miss. Code Ann.

§ 99-39-23(6).[8]

### *Constitutionality of Successive-Motions Bar*

¶13. Bradley first argues that the successive-motions bar has been held to be unconstitutional, but he provides no authority for this statement. He mistakenly cites *Luckett v. State*, 582 So. 2d 428, 429 (Miss. 1991), *overruled on other grounds by Bester v. State*, 188 So. 3d 526, 529-30 (¶10) (Miss. 2016), where the Mississippi Supreme Court *applied* the successive-motion bar rather than holding it unconstitutional. In that case, Luckett had pleaded guilty in 1980 to rape. *Id.* at 429. The judge did not hold a separate hearing prior to sentencing and sentenced Luckett to life. *Id.* In 1989, Luckett filed a PCR motion to vacate a life sentence, claiming that only a jury could impose a life sentence. *Id.* On appeal of the denial of his motion, the Mississippi Supreme Court reversed and remanded the case for Luckett's re-sentencing, granting him relief under one of the exceptions to the PCR three-year statute of limitations deadline for filing such a motion, i.e., that Luckett had raised a claim that his constitutional right to due process had been violated. *Id.* at 430. Clearly, the *Luckett* case did not deal with the constitutionality of the successive-motions bar, only its application. It should be noted that even when the Supreme Court overruled *Luckett*'s substantive holding concerning sentencing in *Bester*, 188 So. 3d at 529-30 (¶10), the Supreme Court still affirmed the application of the successive-motions bar, stating:

---

[8] In *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023), the Mississippi Supreme Court held that the three-year statute of limitation of the UPCCRA was no longer subject to a judicially-created exception for "fundamental rights." The Court reiterated this in *Ronk*, 2024 WL 131639, at *2 (¶16), stating that *Howell* overruled any case "that has held that the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]."

> As a final note, because Bester's sentence is not illegal, we agree with the Court of Appeals that Bester's motion is barred as a successive writ and is time-barred as well.

*Id*. at 530 (¶11). Recently, in *Ronk*, 2024 WL 131639, at *2 (¶13), the Supreme Court required that PCR claims must be "procedurally active" and that successive motions are barred. Thus, the Supreme Court has affirmed the application of the successive-motions bar and Bradley's claim that the successive-motions bar has been found to be unconstitutional has no merit.

¶14. Bradley identifies two other issues in his brief: the illegality of his sentence and the alleged errors of the Court of Appeals in affirming the denials or dismissals of his prior PCR motions.[9] In other words, Bradley challenges this Court's January 24, 2023 decision and the disposition of subsequent motions by this Court concerning that decision.

### *Challenge to January 2023 Court of Appeals Decision*

¶15. Considering the latter issue first, this Court's January 24, 2023 decision *Bradley II*, 369 So 3d. 74 (Miss. Ct. App. 2023), is final, and there are no further appeals or reconsiderations of that decision available to Bradley now. As was stated in our order of September 13, 2023,

> Bradley's motion for rehearing has been denied, and the Mississippi Supreme Court has denied Bradley's petition for a writ of certiorari. The mandate issued on September 5, 2023. This Court's jurisdiction over Bradley's case terminated at that time. *Cassibry v. State*, 453 So. 2d 1298, 1299 (Miss. 1984). This appeal has reached its conclusion.

---

[9] Specifically, Bradley stated the issue as "the Court of Appeals of the State of Mississippi also deliberately errow's [sic] when dismissing Petitioner['s] Petition to Clearafy [sic] a raise and proven'd [sic] violated fundamental claim."

8

Consequently, we have no jurisdiction to address any claimed errors alleged by Bradley in our prior opinion in *Bradley II*.

### PCR Successive-Motions Bar Application

¶16. Bradley's alternative argument is that he is not subject to the successive-motions bar because he is claiming that he is serving an illegal sentence, one of the statutory exceptions. However, Bradley has previously raised this claim of an illegal sentence in his prior PCR motions and this Court rejected it in our most recent decision, where we held:

> In his brief, Bradley argues that his previous parole was unlawfully revoked and that his detention has been "illegal" since the parole revocation. However, he does not provide any evidence; rather, he makes several unsubstantiated assertions. Although he cites caselaw, he provides no facts making the law applicable. *See* M.R.A.P. 28(a)(7). Bradley made the same arguments in previous PCR motions, and we found those claims were procedurally barred and without merit. *Bradley*, 89 So. 3d at 82-83 (¶¶2-5). We reach the same conclusion today and also find that Bradley has failed to establish that his successive motion falls under an exception to this procedural bar.

*Bradley II*, 369 So. 3d at 76 (¶8).

¶17. "[A]n issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant." *Thomas v. State*, 291 So. 3d 822, 824 (¶5) (Miss. Ct. App. 2020). In *Hughes v. State*, 360 So. 3d 657 (Miss. Ct. App. 2023), we affirmed the trial court's denial of Hughes's second PCR challenge to the alleged illegal revocation of his PRS (post-release supervision) based on the successive-motions bar. *Id*. at 662 (¶15). We held:

> [T]he circuit court did not err when it denied his second motion for relief. Hughes's claim that his PRS was unlawfully revoked and his suspended sentences were improperly imposed was barred because he asserted the same claim in his first [PCR] motion, which the circuit court denied, and from which

he never appealed. Hughes's repetitive argument pointing to the law in *White* simply re-urges his original claim that his PRS was unlawfully revoked. Therefore, the circuit court did not err when it denied Hughes's September 3 requests for relief.

*Id*. at 661-62 (¶14) (internal quotation marks omitted); *see also Powers v. State*, 371 So. 3d 629, 660 (¶101) (Miss. 2023) (citing *Jordan v. State*, 213 So. 3d 40, 43 (¶10) (Miss. 2016)) (applying res judicata when the "exact issue" was considered and rejected in prior post-conviction proceedings).

¶18.    Because Bradley again raises the same alleged illegal-sentence argument that he did before, his PCR motion on this basis is procedurally barred as successive, and the circuit court did not err in denying Bradley's latest PCR motion.

**Conclusion**

¶19.    As noted in our prior *Bradley* opinions, Bradley's latest PCR motion is "one in a line of several motions that have been denied or dismissed." The claims in his latest PCR motion merely repeat prior arguments which have been considered and rejected on appeal. Therefore, they are barred under the successive-motions bar. His new issue, that the successive-motions bar is unconstitutional, has no merit. Accordingly, we find no error in the circuit court's denial of Bradley's latest PCR motion.

¶20.    **AFFIRMED.**

    **BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

10