873 So.2d 1056 (2004)
Tyrone STOVALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00349-COA.
Court of Appeals of Mississippi.
May 18, 2004.
*1057 Tyrone Stovall, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, IRVING and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. Tyrone Stovall appeals the denial of his petition for post-conviction relief by the Copiah County Circuit Court. On appeal, he asserts the following verbatim errors warranting reversal of the trial court's decision:
I. WHETHER PROCEEDINGS VIOLATED THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS THE CONSTITUTION OF THE STATE OF MISSISSIPPI, WHERE HE WAS SUBJECTED TO DOUBLE JEOPARDY IN BEING CONVICTED OF ARMED ROBBERY AND CONSPIRACY TO COMMIT EXACT SAME ARMED ROBBERY.
II. WHETHER SENTENCING ORDER OFFENDS DUE PROCESS OF LAW WHERE SEPARATE VERDICTS AND JUDGMENTS WERE NOT ENTERED BY COURT IN ACCORD WITH STATUTORY LANGUAGE.
III. WHETHER CLAIMS CONSTITUTES PLAIN ERROR AND A DENIAL OF FUNDAMENTAL DUE PROCESS OF LAW WHICH WARRANTS EXCEPTION TO PROCEDURAL BAR.
IV. WHETHER TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING IN THIS MATTER BEFORE SUMMARILY DENYING THE MOTION.
¶ 2. Finding no basis in law for any of Stovall's contentions, we affirm.

FACTS
¶ 3. On August 21, 1998, Tyrone Stovall entered guilty pleas to one charge of armed robbery and one charge of conspiracy to commit robbery. The charges were brought under a two-count indictment. For the armed robbery, Stovall was sentenced to a prison term of ten years and a term of five years for the conspiracy charge, sentences to run concurrently.
¶ 4. Stovall filed his petition for post-conviction relief in January 2003, alleging the same errors as cited above. The lower court dismissed the petition as untimely. Stovall then perfected appeal to this Court.

ANALYSIS
¶ 5. Mississippi statute provides that a prisoner under sentence of a court of record may seek post-conviction collateral relief for up to three years from the date the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev.2000). There are exceptions to the three-year limitation:
(1) Cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence; or
(2) The prisoner has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
(3) Cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked; or
*1058 (4) Filings for post-conviction relief in capital cases which shall be made within one year after conviction.
Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 6. The three-year limitation period expired more than a year before Stovall filed his petition for relief. None of the exceptions to the limitation period apply. The denial of the petition for relief as untimely was quite correct. However, Stovall argues the time bar should not be applied as the errors he claims affect his fundamental constitutional rights.
¶ 7. It is true that when the fundamental rights of an individual are implicated in a petition for post-conviction relief, the procedural time bar will not always be applied to preclude review of the claims. Luckett v. State, 582 So.2d 428, 430 (Miss.1991). However, the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived. Even without the complication of the time bar, Stovall would still need to make some sort of showing of merit to his claims to avoid dismissal. Miss.Code Ann. § 99-39-11(2).
¶ 8. Stovall cannot support his claims. The time bar was appropriately applied and it is the basis for the decision of this court. We will, however, briefly address the merits of the claims made.
1. Double jeopardy
¶ 9. Stovall argues he was subjected to double jeopardy in violation of his constitutional rights by being prosecuted and sentenced for both armed robbery and conspiracy to commit armed robbery. Stovall contends the elements of these crimes are the same and thus constitute but one crime for which he may only be once punished.
¶ 10. In determining whether two charged offenses actually constitute but one crime, we look to the elements of each crime. State v. Thomas, 645 So.2d 931, 933 (Miss.1994). Where one crime charged requires proof of an additional fact not required of the second charge, the charges are, in fact, two separate crimes. Id.
¶ 11. Conspiracy to commit armed robbery, or any other crime, requires only the agreement among two or more people to commit the crime. Miss.Code Ann. § 97-1-1(a) (Rev.2000). Armed robbery, on the other hand, requires the use of a deadly weapon which places an individual in fear of immediate injury from the weapon and the taking of personal property of another from his presence. Miss.Code Ann. § 97-3-79 (Rev.2000). Obviously, actual robbery requires the establishment of several different facts than the agreement to commit the act.
¶ 12. Conspiracy is a complete crime in itself which does not merge into the completed offense. Thomas, 645 So.2d at 933. They are two separate crimes and prosecution for both the completed offense and conspiracy to commit the completed offense does not violate the prohibition against being twice prosecuted for the same crime. Id. Stovall was not subjected to double jeopardy.
2. Separate judgments and sentencing orders
¶ 13. Stovall next contends his right to due process of law was compromised by the failure of the court accepting his guilty pleas to enter separate judgments and orders as required by statute. The judgment as issued recited both charges against him, the conviction thereof, and the sentence he received for each of those charges.
¶ 14. Statute requiring convictions of two or more crimes in a multi-count indictment *1059 shall have separate verdict and separate sentences imposed. Miss.Code Ann. § 99-7-2(3)-(4) (Rev.2000). As noted above the order and judgment recited both counts of the indictment, found Stovall guilty of each one, and imposed separate sentences for each of the offenses. It is unclear what is the exact nature of Stovall's claim of error. He may be arguing the judgments should have been placed on two separate pieces of paper rather than one or he may be arguing two separate hearings were required. If the latter claim is intended, that is not a requirement. Both charges on a multi-count indictment may be handled in one hearing. Miss.Code Ann. § 99-7-2(2) (Rev.2000). If he intends the former argument, there is no basis for that claim in law. Stovall does not cite any authority which would support the argument, if indeed that is his intended argument, nor does the independent review by this Court find any such rule.
3. Fundamental right exception to procedural bar
¶ 15. This claim has been previously addressed and resolved against the appellant. We need not reiterate the discussion again.
4. Failure to conduct an evidentiary hearing
¶ 16. Finally, Stovall argues the trial court erred in denying him an evidentiary hearing on his claims so that he could have the opportunity to develop facts to support his claims. He also argues the trial court's failure to review the transcript of his 1998 plea hearing was plain error.
¶ 17. The errors claimed by Stovall are questions of law, not fact. There is no factual evidence which could be developed during a hearing that would in any way alter the outcome of this claim. A completed crime and the conspiracy to commit the completed crime will remain separate offenses regardless of what may be said in a hearing and the trial court would have no choice but to find a double jeopardy claim on this basis without merit.
¶ 18. Likewise, the document containing the judgments of conviction cannot be altered by an evidentiary hearing. It will continue to contain two charges, two convictions and two separate sentences. The trial court would not have needed to review the plea hearing transcript to determine the outcome to Stovall's allegations of error. They may only be resolved by resort to existing law. Failing to review a transcript under these circumstances does not constitute error.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, CHANDLER, MYERS, AND GRIFFIS, JJ., CONCUR.