GRIFFIS, J., for the Court.
¶ 1. Mark S. King pled guilty, in the Circuit Court of Sunflower County, to uttering a forgery. On June 5, 2000, he was sentenced to serve two years in the custody of the Mississippi Department of Corrections and one year of post-release supervision. This time was to run consecutively to time he was serving on prior, *374 unrelated convictions. He was further ordered to pay restitution of $488.08 and court costs of $248.
¶ 2. In March 2005, he filed a petition for post-conviction relief, which the circuit court dismissed as untimely. On appeal, King argues his sentence is illegal. We find no error and affirm.
STANDARD OF REVIEW
¶ 3. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 4. King argues that he received an illegal sentence, because as a prior convicted felon, he is not eligible for a suspended sentence. The State responds that King’s motion is both barred by the statute of limitations and is without merit since he did not receive a suspended sentence.
¶ 5. A person who pleads guilty to a crime has three years from the date of entry of the judgment of conviction in which to file a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Supp.2005). This statute of limitations does not apply to “errors affecting fundamental constitutional rights, such as the right to a legal sentence.... ” Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999). Nevertheless, “the mere assertion of a constitutional violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Stovall v. State, 873 So.2d 1056,1058(¶ 7) (Miss.Ct.App.2004).
¶ 6. The sentencing order was entered June 5, 2000. By statute, King had until June 5, 2003 to file his motion for post-conviction relief. He did not file it until March 2005. Unless there appears some basis to his claim that his sentence was illegal, we must consider his petition time-barred.
¶ 7. King points out that, as a prior convicted felon, he was not eligible for a suspended sentence. Mississippi Code Annotated section 47-7-33(1) (Rev.2004) provides in part:
When it appears to the satisfaction of ... the judge ... that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court ... shall have the power, after ... a plea of guilty, except in a case where ... the defendant has been convicted of a felony on a previous occasion in any court or courts ... of any state ... to suspend the imposition or execution of [a] sentence, and place the defendant on probation....
In other words, it would have been illegal for the circuit court to have suspended a portion of King’s sentence, since he was a thrice convicted felon at the time.
¶ 8. King, however, did not receive a suspended sentence. The judge ordered him to serve two years in jail, followed by one year on post-release supervision. Post-release supervision is a perfectly permissible sentence for a prior convicted felon, as long as the post-release supervision does not extend the total sentence above the maximum allowed for that crime. Miss.Code Ann. § 47-7-34(1) (Rev.2004). Uttering a forgery is a felony, punishable up to fifteen years. Miss.Code Ann. § 97-21-33 (2000)[1]; and Miss.Code Ann. § 97- *375 21-59 (Rev.2000). Two years incarceration plus one year supervision does not exceed fifteen years.
¶ 9. Judge Hines rendered a permissible, legal sentence. Since there did not even appear any basis for King’s claim of illegal sentence, Judge Hines was correct to consider the motion time-barred. We affirm.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.

. We note that the punishment for forgery changed to not more than ten years imprison *375 ment by statute, effective July 1, 2003. Miss. Code Ann. § 97-21-33 (Supp.2005).