LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On November 30, 1995, in the Rankin County Circuit Court, Travis Wicker pleaded guilty to murder and two counts of aggravated assault. Wicker was sentenced to a life sentence for the murder charge and twenty years for each aggravated assault charge. All sentences were to be served consecutively in the custody of the Mississippi Department of Corrections.
 

 ¶ 2. On July 26, 2007, Wicker filed a motion to vacate his sentence. The trial court denied Wicker’s motion, finding that it was procedurally barred and, regardless of the procedural bar, without merit. Wicker now appeals, asserting the following: (1) his right against double jeopardy was violated; (2) his indictment was defective; (3) his trial counsel was ineffective; and (4) the trial court erred in finding his motion for relief was time-barred. Finding no merit, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 4. According to Mississippi Code Annotated section 99-39-5(2) (Rev.2007), a motion for post-conviction relief following a guilty plea shall be made “within three (3) years after entry of the judgment of conviction.” The record reflects that Wicker’s entry of the judgment of conviction was on November 30, 1995. Wicker did not file his motion for relief within the statutory time period; thus, his motion for relief is time-barred. There are exceptions to the three-year statute of limitations found in section 99-39-5(2):
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has
 
 *708
 
 expired or his probation, parole or conditional release has been unlawfully revoked ....
 

 Wicker has failed to meet any of these exceptions to overcome the time bar.
 

 ¶ 5. However, this statute of limitations does not apply to “errors affecting fundamental constitutional rights.... ”
 
 Ivy v. State,
 
 731 So.2d 601, 603(¶ 13) (Miss.1999). Nevertheless, “the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.”
 
 Stovall v. State,
 
 873 So.2d 1056, 1058(¶ 7) (Miss.Ct. App.2004). Wicker’s issues concerning the claim of ineffective assistance of counsel and a defective indictment are encompassed within the three-year limit.
 
 Barnes v. State,
 
 949 So.2d 879, 881 (¶¶ 7-8) (Miss.Ct.App.2007). In
 
 Barnes,
 
 this Court noted that an ineffective assistance of counsel claim must be sufficiently supported to overcome the bar.
 
 Id.
 
 at 881 (¶ 7). Wicker has failed to do so in this case. Double jeopardy claims have also been subjected to the time bar.
 
 See Luckett v. State,
 
 582 So.2d 428, 430 (Miss.1991);
 
 Trotter v. State,
 
 907 So.2d 397, 402(¶ 14) (Miss.Ct.App.2005). These issues are without merit.
 

 ¶ 6. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.