MAXWELL, J.,
for the Court:
¶ 1. Ollie Lee Evans appeals his third motion for post-conviction relief (PCR). As with his second PCR motion, the trial court dismissed the present motion as successive. While the pro se Evans lists various violations of fundamental constitutional rights, in an effort to exempt his latest PCR motion from the successive-writ bar, he offers no facts, circumstances, or record evidence to substantiate any of his claims. Because mere allegations of fundamental-constitutional-rights violations are not sufficient to overcome the successive-writ bar, we affirm the dismissal of Evans’s third PCR motion as procedurally barred.
¶2. Under Mississippi’s Uniform Post-Conviction Collateral Relief Act (UP-CCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss.Code Ann. § 99-39-23(6) (Supp.2012). Evans’s first PCR motion, challenging his 2007 conviction for failure to register as a sex offender,[1] was dismissed in August 2008. Despite the successive-writ bar, Evans filed a second PCR motion, which was dismissed as successive in August 2010. Evans appealed *881 this dismissal. And this court affirmed, finding no statutory exception to the successive-writ bar applied. Evans v. State, 75 So.3d 1119, 1120 (¶ 5) (Miss.Ct.App.2011). Undeterred, Evans filed a third PCR motion, which was also dismissed as successive.[2] In this third motion, Evans claims the judicial “fundamental constitutional rights” exception to the successive-writ bar should apply because the motion addresses various alleged violations of his constitutional rights.
¶ 3. Evans is correct that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). But what Evans has failed to understand is that “the mere assertion of a constitutional right violation” does not trigger the exception. Wicker v. State, 16 So.3d 706, 708 (¶ 5) (Miss.Ct.App.2009). To find an exception to the successive-writ bar, “[tjhere must at least appear to be some basis for the truth of the claim” of a fundamental-constitutional-rights violation. Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004).
¶ 4. Evans’s assertions in his third PCR motion are just that — mere assertions. Evans provides no support whatsoever for his various claims that his constitutional rights were violated. Cf. Evans, 75 So.3d at 1120 (¶ 6) (noting that Evans’s second PCR motion would have alternatively failed on the merits because the issues Evans raised in that motion were “merely assertions and [were] not substantiated with anything more to support them”). Therefore, there is no reason why the successive-writ bar should not apply. And we affirm the circuit court’s dismissal of Evans’s third PCR motion, based on this procedural bar.[3]
¶ 5. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. See Miss.Code Ann. § 45-33-25 (Rev.2011).

. In addition to being successive, Evans’s third PCR motion is also time barred. Under Mississippi Code Annotated section 99-39-5(2) (Supp.2012), a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Evans was convicted in September 2007, but did not file his third PCR motion until July 2012, well outside the three-year limit. For the same reason Evans has failed to show a fundamental-constitutional-rights exception applies to the successive-writ bar, he has also failed to show an exception applies to the time bar.

. See note 2, supra.