JAMES, J.,
concurring in part and dissenting in part:
¶ 14. On appeal, White raises the issue of whether the trial court, sitting without a jury, was authorized to impose a life sentence. I agree with the majority opinion that the court was authorized to impose a life sentence, but I respectfully disagree with the majority opinion that the mere assertion of a constitutional-right violation is sufficient to overcome the procedural bars. “This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.” Hughes v. State, 106 So.3d 836, 839 (¶ 4) (Miss.Ct.App.2012). For this reason, I respectfully dissent.
¶ 15. In this case, White was indicted for the rape of a female child under the age of twelve under Mississippi Code Annotated section 97-3-65(1) (1977) as it stood at the time of White’s offense. The judge, in the order dismissing White’s PCR motion, noted that for the rape of a child under the age of twelve, White could have received “death or imprisonment for life in the state penitentiary.” White became confused about the relevant statute because he relied on the trial court’s order dismissing the PCR motion, which erroneously stated that White was indicted for rape of a child under the age of fourteen, which would be pursuant to section 97-3-65(2) as opposed to section 97-3-65(1). However, the applicable statute, section 97-3-65(1), clearly stated that the punishment for rape of a female under the age of twelve could be death or life in prison.
¶ 16. The majority opinion suggests that mere ¿negations of an illegal sentence are excepted from the procedural bar. However, in Evans v. State, 115 So.3d 879, 881 (¶ 3) (Miss.Ct.App.2013), we held that “the mere assertion of a constitutional right violation does not trigger the exception.” It should also be noted that Evans has not yet been modified or overruled. The majority also cites Smith v. State, 149 So.3d 1027 (Miss.2014), to support their position. Although the supreme court in Smith ruled that the doctrine of res judica-ta was a procedural bar rather than a substantive bar against further litigation in a PCR motion, the court based its ruling on the unique facts of that particular case. Id. at 1031 (¶ 9). Smith involved a defendant who was ordered to have a mental evaluation that was never performed. Id. at 1030 (¶¶ 2-3). Smith pled guilty to kidnapping and armed carjacking, receiving thirty years in MDOC custody with twelve years suspended and eighteen years to serve for both charges. Id. Smith also pled guilty to felony fleeing, with five years to serve in MDOC custody, and with all of the sentences to run concurrently. Id. Smith’s case was considered “procedurally alive” because the supreme court determined that a mental evaluation and *121 hearing were required since the trial court ordered Smith’s mental evaluation to assess Smith’s competence to stand trial. Id. at 1035 (¶ 19).
¶ 17. Further, White filed a petition for a writ of habeas corpus on October 20, 1981, and the trial court treated it as a PCR motion. White did not file the present PCR motion until March 28, 2013, which is well beyond the three-year statute of limitations. I respectfully disagree with the majority’s finding that White’s motion is not time-barred.
¶ 18. The Uniform Post-Conviction Collateral Relief Act provides a three-year statute of limitations for seeking post-conviction relief from a defendant’s conviction or sentence. Miss.Code Ann. § 99-39-5(2) (Supp.2014). There are several exceptions to the statute, one of which is a challenge to the trial court’s jurisdiction to impose a sentence. Id. White attempts to challenge the trial court’s jurisdiction to impose a life sentence. However, the exception does not apply in this case, because the sentence is clearly authorized by statute.
¶ 19. White filed a petition for a writ of habeas corpus asserting the same argument that he asserts in his current PCR motion. We have stated that “[t]he doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.” Taylor v. State, 121 So.3d 329, 331 (¶ 11) (Miss.Ct.App.2013). Here, the doctrine of res judi-cata is applicable and precludes White from making the same argument in the motion.
¶ 20. Furthermore, Mississippi Code Annotated section 99-39-23 (Supp.2014) provides “[t]he order as provided in subsection (5) of this section or any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a secondary or successive motion under this article.” White filed a petition for a writ of habeas corpus prior to filing his current PCR motion. This court has consistently held that “[a]ny motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ.” Brown v. State, 90 So.3d 645, 648 (¶ 8) (Miss.Ct.App.2012).
¶ 21. Accordingly, I respectfully disagree with the majority opinion that Smith suggests that the mere assertion of a constitutional-right violation triggers an exception to the procedural bar, and I would find that White’s claims are procedurally barred as a successive writ and are time-barred. I would also disagree with the majority’s determination that res judicata is not applicable.