# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00130-COA

**LAVEAL MCGHEE A/K/A LEVEAL MCGEE**                **APPELLANT**
**A/K/A LEVELL MAGEE A/K/A LEAVEAL**
**MCGEE A/K/A LAVELL MAGEE**

**v.**

**STATE OF MISSISSIPPI**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2014 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAVEAL MCGHEE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN H. MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 11/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND ISHEE, JJ.

### BARNES, J., FOR THE COURT:

¶1.    Laveal McGhee, appearing pro se, appeals the Yazoo County Circuit Court's denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In June 1980, McGhee was indicted by the Yazoo County Circuit Court for the murder of David Nichols, while in the commission of a robbery. In two more separate indictments, McGhee was also charged with the rape and the kidnaping of Nichols's wife during the same

incident.[1] In August 1980, McGhee moved for a change of venue from Yazoo County to Hinds County for each charge. In November 1980, following an agreed order, McGhee's cases were moved to Hinds County. In December 1980, McGhee pleaded guilty in the Circuit Court of Yazoo County, sitting in Hinds County, to all three charges. The circuit court sentenced him to a life sentence for the murder charge, thirty years for the kidnaping charge, and thirty-nine years for the rape charge, with all sentences to run consecutively.

¶3.     In 1997, McGhee filed a PCR motion in the Circuit Court of Yazoo County for the murder charge, alleging ineffective assistance of counsel. The circuit court found the motion time-barred under the three-year statute of limitations and dismissed it.

¶4.     On March 20, 2014, the PCR motion at issue here for the murder charge was filed in the Yazoo County Circuit Court.[2] In this motion, McGhee claimed that he was actually indicted by a Hinds County grand jury, and the indictment was merely filed in the Yazoo County Circuit Court. He contended that instead of Hinds County exercising jurisdiction over him, it was the Yazoo County Circuit Court sitting in Hinds County that erroneously exercised jurisdiction immediately after the Hinds County indictment. He claimed that Yazoo County could only exercise jurisdiction if a Yazoo County grand jury indicted him. Accordingly, he concluded that the Yazoo County Circuit Court had no jurisdiction to accept his guilty plea and sentence him. On March 28, 2014, the circuit court denied his PCR motion, finding McGhee was indicted by a Yazoo County grand jury on May 7, 1980.

---

[1] Each charge had a different cause number.

[2] The motion showed it was signed by McGhee nearly one year earlier on July 23, 2013.

**STANDARD OF REVIEW**

¶5. This Court will not disturb the trial court's denial of a PCR motion unless the trial court's factual findings are clearly erroneous. Questions of law are reviewed de novo. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006) (citation omitted).

**ANALYSIS**

¶6. On appeal, McGhee argues that his incarceration violates the Thirteenth Amendment of the United States Constitution regarding the prohibition on involuntary servitude because he was not "duly convicted," as the sentencing court did not have jurisdiction. McGhee alleges that his indictment of June 3, 1980, for the murder charge was a "manufactured" First District of Hinds County indictment, which was improperly altered to look like a Yazoo County indictment.

¶7. McGhee's PCR motion is both successive and time-barred. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). This PCR motion is McGhee's second relating to his murder charge, and was filed nearly thirty-four years after he pleaded guilty.

¶8. McGhee cites *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), as authority to except his motion from the procedural bars, since he raises a claim of constitutional proportion. *Rowland* held that "errors affecting fundamental constitutional rights are excepted from the

3

procedural bars of the UPCCRA." *Id.* at 506 (¶9). However, "the mere assertion of a constitutional right violation" does not trigger procedural-bar exceptions. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). The claim of a fundamental-constitutional-rights violation must at least appear to have some basis of truth. *Id.* (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). Here, there is none.

¶9.     McGhee fails to show his indictment was "manufactured" or improperly altered, or that he was indicted by a Hinds County grand jury. It is well established that "the circuit court obtains subject matter jurisdiction over a criminal offense when the defendant is served with an indictment issued by the grand jury. When an indictment is challenged as defective, the jurisdiction of the circuit court to hear the matter and impose a sentence is called into question." *Caston v. State*, 949 So. 2d 852, 854 (¶4) (Miss. 2007) (citing Miss. Const. art. 3, § 27; Miss. Code Ann. § 99-7-1 (Rev. 2006)).

¶10.    McGhee's June 3, 1980 indictment for murder is included in a supplemental record before this Court.[3] The indictment appears to have the "First Judicial District [of] Hinds County" typographically crossed out and replaced with "Yazoo County." We cannot find these markings are a falsification of McGhee's indictment that invalidates it or his guilty plea.

¶11.    According to the docket in the supplemental record, this indictment was filed in the Yazoo County Circuit Court. An order was entered the next day amending the indictment

---

[3] The indictment would have been filed before the change of venue to Hinds County.

to correct the first name of the victim. On November 18, 1980, an agreed order changing the venue from Yazoo County to Hinds County was entered. On December 3, 1980, an order was entered stating McGhee changed his plea to guilty in the Circuit Court of Yazoo County, with the words "sitting in Hinds County, Mississippi upon change of venue" hand-written in the heading. These documents do not establish that the Yazoo County Circuit Court lacked jurisdiction to accept McGhee's guilty plea or to sentence him. Accordingly, the circuit court's order denying McGhee's PCR motion is affirmed.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**