# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00598-COA

**RONALD WILSON A/K/A RONALD N. WILSON**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/14/2019 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RONALD WILSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/07/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     Ronald Wilson appeals from the Madison County Circuit Court's denial and dismissal of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY

¶2.     This appeal stems from Wilson's second PCR motion, which in turn seeks relief from two guilty pleas Wilson entered in March 2017 on separate charges for simple assault on a law enforcement officer and felony shoplifting.  On November 8, 2006, a Madison County grand jury indicted Wilson for simple assault on a law enforcement officer, which allegedly occurred on June 5, 2006.  On March 3, 2010, a Madison County grand jury again indicted

Wilson—this time for felony shoplifting, which allegedly occurred on September 11, 2009. Wilson, represented by counsel, pled guilty to both offenses on March 22, 2017. During his plea hearing, the circuit court found that Wilson's guilty pleas were knowingly, intelligently, and voluntarily entered. The circuit court sentenced Wilson to serve five years for the simple assault charge and ten years for the felony shoplifting charge. These sentences were set to run consecutively and ordered to be served in the custody of the Mississippi Department of Corrections.

¶3.     On February 26, 2018, Wilson filed his first PCR motion. Wilson contended that he was entitled to an evidentiary hearing because "[t]he time limitation had r[u]n out." The circuit court dismissed Wilson's PCR motion on March 20, 2018, finding that Wilson waived his claims by pleading guilty. Wilson did not appeal this dismissal.

¶4.     Wilson filed a second PCR motion on February 21, 2019.[1]  In this motion, Wilson asserted that "[t]he court erred in accepting petitioner's guilty plea[s] and sentencing petitioner on May 22, 2017 . . . when the statute of limitation[s] [had] expired . . . ." Wilson also asserted that he received ineffective assistance of counsel. On March 14, 2019, the circuit court denied and dismissed Wilson's second PCR motion on the grounds that (1) the second PCR motion was successive-writ barred; (2) both of Wilson's prosecutions had "commenced" within the applicable two-year statute of limitations; (3) Wilson's knowing, intelligent, and voluntary guilty pleas waived his right to raise any statute-of-limitations issues; and (4) Wilson failed to present affidavits other than his own to support his

---

[1] Wilson filed both of his PCR motions pro se.

2

ineffective-assistance-of-counsel claim.

¶5. Wilson now appeals from the circuit court's judgment. On appeal, Wilson re-urges his arguments regarding the statute of limitations and alleged ineffective assistance of counsel. Finding no error, we affirm the circuit court's denial and dismissal of Wilson's second PCR motion.

## STANDARD OF REVIEW

¶6. This Court reviews the denial or dismissal of a PCR motion for abuse of discretion. *Hughes v. State*, 106 So. 3d 836, 837 (¶4) (Miss. Ct. App. 2012). "We will only reverse if the trial court's decision is clearly erroneous." *Id.* (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). Questions of law are reviewed de novo. *Id.*

## DISCUSSION

¶7. Under the Uniform Post-Conviction Collateral Relief Act, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). "Mississippi statutory law grants each movant 'one bite at the apple when requesting post-conviction relief.'" *Hayes v. State*, 282 So. 3d 1185, 1187 (¶8) (Miss. Ct. App. 2019) (quoting *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009)); *cf. Fluker v. State*, 170 So. 3d 471, 475 (¶9) (Miss. 2015) (noting that "res judicata concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar"). Wilson previously filed an unsuccessful PCR motion in 2018, raising the same statute-of-limitations argument he asserts here. His current motion is therefore successive-writ barred, and he cannot relitigate this issue. *See Fluker*, 170 So. 3d

at 475 (¶10) (applying section 99-39-23(6) to bar successive PCR motion that challenged same revocation decision as prior PCR motion).

¶8. As to Wilson's claim that he received ineffective assistance of counsel, we recognize that "errors affecting 'fundamental rights' may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010). "Under 'extraordinary circumstances,' ineffective assistance of counsel can constitute an exception to [procedural bars]." *Morales v. State*, No. 2018-CP-00737-COA, 2019 WL 3562031, at *5 (¶24) (Miss. Ct. App. Aug. 6, 2019) (citations omitted), *cert. denied*, Order, No. 2018-CT-00737-SCT (Miss. Feb. 27, 2020); *see also Hayes*, 282 So. 3d at 1188 (¶9) (citing *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996)). However, "the mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation mark omitted) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)).

¶9. Here, Wilson has failed to offer more than a "mere assertion," based only on his own affidavit, for his argument that he received ineffective assistance of counsel. As such, we find this issue lacks merit. *See Vitela v. State*, 183 So. 3d 104, 108 (¶14) (Miss. Ct. App. 2015) (stating that a claim of ineffective assistance of counsel supported only by the movant's own affidavit fails to meet the pleading requirements of the PCR statute).

CONCLUSION

¶10. Upon review, we find that the circuit court did not err in denying and dismissing Wilson's second PCR motion. Wilson's PCR motion is successive-writ barred. Wilson has

4

also failed to support his ineffective-assistance-of-counsel claim with more than his own bare assertions. We accordingly affirm the circuit court's judgment.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL AND LAWRENCE, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**