# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00993-COA

**DEONTA KELLY**                                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                       **APPELLEE**

DATE OF JUDGMENT:                06/22/2018
TRIAL JUDGE:                             HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                                                  FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        DEONTA KELLY (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                                  BY: JOHN R. HENRY JR.
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                            AFFIRMED - 05/12/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### C. WILSON, J., FOR THE COURT:

¶1.     The Circuit Court of Hinds County, First Judicial District, denied Deonta Kelly's post-conviction relief (PCR) motion. Kelly appealed. Because we find that Kelly's PCR motion is barred by the statute of limitations, we affirm the circuit court's decision.

## BACKGROUND AND PROCEDURAL HISTORY

¶2.     On May 5, 2010, Kelly pled guilty to two counts of armed robbery. The circuit court sentenced Kelly to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with thirteen years suspended and seventeen years to serve.

¶3.     On March 31, 2016, Kelly filed a PCR motion. The circuit court struck Kelly's

motion on November 7, 2016, for failure to comply with Rule 11 of the Mississippi Rules of Civil Procedure because neither Kelly nor his attorney had signed the motion. The next day, Kelly filed the subject amended PCR motion.

¶4. In Kelly's amended PCR motion, he contended that his guilty plea should be set aside. According to Kelly, his plea was not knowing, intelligent, and voluntary because his trial counsel told him that he would have eligibility for parole after the first ten years of his sentence and because the circuit court did not advise him that an armed robbery conviction includes mandatory time in prison. For the same reason, Kelly also alleged he received ineffective assistance of counsel.

¶5. On April 26, 2017, Kelly's prior counsel (from the time of his 2010 guilty pleas) filed an affidavit supporting Kelly's assertions. In the affidavit, Kelly's prior counsel stated that Kelly was informed "that a plea of guilty . . . would result in a seventeen (17) year sentence with the possibility of parole" and that Kelly "was not informed that the seventeen (17) years or any amount of time to serve was day-for-day time." On May 10, 2018, the State filed its response in opposition to Kelly's amended PCR motion, and on June 22, 2018, the Hinds County Circuit Court, First Judicial District, denied Kelly's motion.[1] In its order, circuit court applied the *Strickland* test[2] for ineffective assistance of counsel and found that Kelly's "seventeen year plea deal was the result of excellent negotiating skills of [his] attorney . . . ."

---

[1] The record includes a "Writ of Habeas Corpus Ad Prosequendum," requesting that the Mississippi State Penitentiary transport Kelly to Hinds County for an appearance in court on or before June 20, 2018. However, it is unclear whether the circuit court actually held an evidentiary hearing on Kelly's motion.

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

The court concluded that Kelly's "claim of ineffective assistance of counsel [wa]s without merit . . . ." The court did not address the statute of limitations for PCR motions. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Kelly now appeals.[3]

## STANDARD OF REVIEW

¶6.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)), *cert. dismissed*, 263 So. 3d 667 (Miss. 2019).

## DISCUSSION

¶7.     On appeal, Kelly again contends that his plea was unknowingly, unintelligently, and involuntarily entered and also re-asserts that he received ineffective assistance of counsel. In response, the State argues that Kelly's claims are time-barred and successive-writ barred by the Uniform Post-Conviction Collateral Relief Act (UPCCRA), Mississippi Code Annotated sections 99-39-1 to -29 (Rev. 2015). Because we agree with the State that Kelly's claims are time-barred, we affirm the circuit court's decision—albeit on different grounds.

---

[3] Presumably, the circuit court fulfilled its obligation to examine "[t]he original motion, together with all the files, records, transcripts[,] and correspondence relating to the judgment under attack[.]" Miss. Code Ann. § 99-39-11(1) (Rev. 2015). Because the record and transcripts relating to Kelly's underlying convictions were not included in the original appellate record, this Court, pursuant to Mississippi Rule of Appellate Procedure 10(e), requested that the circuit court supplement the record on appeal to include the clerk's papers and transcripts related to Kelly's underlying convictions.

3

¶8.     When a petitioner has pled guilty to a crime, a PCR motion must be filed "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2). Here, Kelly did not file his PCR motion until approximately six years after his conviction, rendering his motion time-barred. Although Kelly contends that his claim is not time-barred because his sentencing orders were amended in 2014 and 2015 to reflect the removal of firearm enhancements,[4] Kelly provides no authority that such clerical amendments would restart the three-year limitations period.

¶9.     We recognize that certain fundamental rights—including, in "extraordinary circumstances," the right to effective assistance of counsel—are excepted from the UPCCRA's procedural bars.[5] *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015) (finding "lack of a direct appeal, lack of a court record, . . . attorney's . . . failure to obtain a transcript, [and] lack of appellate review of the merits of . . . [movant's] claims" to be extraordinary circumstances warranting exception from PCR time-bar); *accord Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). But Kelly offers no evidence to substantiate any "extraordinary circumstance" that would explain his failure to assert his PCR claims within the statutory three-year time limitation.

¶10.    While Kelly supports his ineffective-assistance-of-counsel claim with an affidavit

---

[4] It was brought to the circuit court's attention—via two "motions to correct order" filed by Kelly—that Kelly's sentencing orders contained clerical errors indicating firearm enhancements. The court found the motions well taken and corrected the clerical errors.

[5] "[A] claim of an involuntary guilty plea does not surmount the procedural bar." *Hughes v. State*, 106 So. 3d 836, 839 (¶9) (Miss. Ct. App. 2012) (quoting *Smith v. State*, 922 So. 2d 43, 48 (¶13) (Miss. Ct. App. 2006)).

from his prior counsel that speaks to the merits of his claim, nothing in that affidavit explains Kelly's nearly six-year delay in asserting the claim. Our review of the record likewise reveals no reason why Kelly was prevented from timely asserting his claim.[6] And we do not read *Chapman* and its progeny so broadly as to allow Kelly's claim for ineffective assistance to proceed without any showing that "extraordinary circumstances" excepted the claim from the statute of limitations.

¶11. The dissent cites *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009), in concluding that Kelly's claim is not time-barred. *Wicker* states a general rule applicable to all fundamental-rights exceptions to the PCR procedural bars, namely that "the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id*. (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). The dissent therefore reasons that because Kelly has provided a supporting affidavit from his prior counsel corroborating his claim, Kelly has shown "some basis for the truth of the claim," such that his claim survives. But as to an ineffective-assistance-of-counsel claim specifically, a movant must also show "extraordinary circumstances" in order to escape the statute of limitations, consistent with *Chapman*.[7]

---

[6] If anything, there is evidence in the record that contradicts Kelly's claim. The record contains Kelly's signed plea petition, which states, "I understand that if I am sentenced for an armed robbery or attempted armed robbery, by displaying a deadly weapon, I will not be eligible for parole."

[7] The dissent acknowledges *Chapman* but cites *Alexander v. State*, 605 So. 2d 1170, 1173 (Miss. 1992), as additional support for its position. In *Alexander*, the movant appealed from the circuit court's denial of his motion to vacate his conviction and sentence. *Id*. at

5

¶12. Kelly failed to show any "extraordinary circumstances" to escape the statute of limitations here. Accordingly, we affirm the circuit court's decision. *See Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993) ("On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.").

¶13. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL AND LAWRENCE, JJ., CONCUR. McDONALD, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McCARTY, JJ.; BARNES, C.J., JOINS IN PART.**

**McDONALD, J., DISSENTING:**

¶14. I respectfully dissent from the majority and would reverse the circuit court's denial of Kelly's PCR motion and remand for further proceedings.

¶15. I acknowledge the three-year time-bar set out in Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) for the filing of PCR motions challenging a guilty plea. However, we have often said that errors affecting fundamental constitutional rights are excepted from this procedural bar. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013). "Where a petitioner asserts a fundamental right, the courts must address the merits of the petition for post-conviction relief regardless of procedural bars." *Salter v. State,* 64 So. 3d 514, 517-18 (¶14) (Miss. Ct. App. 2010) (citing *Rowland v. State*, 42 So. 3d 503, 507-08 (¶12) (Miss.

---

1171. On appeal, the supreme court reversed the denial, finding that the movant should receive an evidentiary hearing regarding his claims because his attorney erroneously told him that if he accepted a plea deal, he would be eligible for parole after serving one-fourth of his sentence. *Id*. at 1173. However, *Alexander* is distinguishable from the matter at hand because Alexander's claims were not barred by the statute of limitations.

6

2010)). Ineffective assistance of counsel is one such violation of a fundamental right. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he right to counsel is the right to the effective assistance of counsel.").

¶16. To overcome the procedural bar, we have required that a claim for ineffective assistance of counsel be sufficiently supported. *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009). "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id.* Accordingly, although we have applied the time-bar to PCR motions claiming ineffective assistance of counsel, as in *Graham v. State*, 151 So. 3d 242, 246 (¶10) (Miss. Ct. App. 2014), we have done so due to a lack of supporting affidavits, saying:

> A PCR motion unsupported by affidavits other than the petitioner's own fails to meet the pleading requirements of Mississippi Code Annotated section 99-3 9-9 (Supp. 2014) and, thus, is deficient on its face and properly dismissed without an evidentiary hearing.

¶17. The majority correctly points out that in *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015), the lack of a direct appeal, lack of a court record, Chapman's attorney's alleged failure to obtain a transcript, and lack of appellate review of the merits of his claims constituted "extraordinary circumstances" warranting an exception to the PCR time-bar. The stated deficiencies in *Chapman* are not the only conduct of counsel where the Mississippi Supreme Court has found ineffective assistance of counsel to warrant an evidentiary hearing. In *Alexander v. State*, 605 So. 2d. 1170, 1173 (Miss. 1992), the defendant erroneously accepted a plea bargain of fifteen years in prison because he was told by his attorney that he would be eligible for parole after serving one-fourth of his sentence. In addition, Alexander

7

alleged that he was not informed about the mandatory incarceration statute and that had he been informed, he would not have accepted the plea bargain. The Mississippi Supreme Court held that Alexander should have been afforded an opportunity to present his claim at an evidentiary hearing. *Id*. at 1172. A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if the defendant would have gone to trial had he been properly informed. *Wilson v. State,* 577 So. 2d 394, 396 (Miss. 1991). In *Alexander*, 605 So. at 1173, counsel's performance was deemed deficient and prejudicial pursuant to *Strickland v. Washington*.

¶18.    In this case, Kelly did not file his PCR motion within the three years as required by statute. However, he has raised a fundamental-rights violation, ineffective assistance of counsel, which is supported by three affidavits: one from Kelly, one from Kelly's grandmother, and one from his own trial attorney. In counsel's affidavit he specifically says that he told Kelly that a guilty plea would result in a seventeen-year sentence with the possibility of parole. Counsel failed to tell Kelly that the sentence would be mandatory and day for day. Further, counsel failed to tell Kelly that he was receiving a thirty-year sentence, not a seventeen-year sentence. These failures, in my opinion, are sufficient under *Alexander* and *Wilson* for consideration of Kelly's claim. When defense counsel confirmed that Kelly was misinformed about his sentence, putting counsel's own reputation, his or her status with the bar, and, not to mention, exposure to a potential malpractice lawsuit, at risk, we should take Kelly and his counsel seriously. "[E]rroneous information concerning parole and sentencing at least entitles the petitioner to an evidentiary hearing on whether he relied on

8

the erroneous information." *Fairley v. State*, 834 So. 2d 704, 707 (¶8) (Miss. 2003). In my opinion, Kelly has provided sufficient support to merit a hearing on his PCR motion, and I would reverse and remand for that hearing.

**WESTBROOKS AND McCARTY, JJ., JOIN THIS OPINION. BARNES, C.J., JOINS THIS OPINION IN PART.**