# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00057-COA

**JULIUS A. BLAND A/K/A JULIUS ARLANDO BLAND**      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/2019 |
| TRIAL JUDGE: | HON. JAMES McCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JULIUS A. BLAND (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ZAKIA HELEN ANNYCE BUTLER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/02/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. A defendant was arrested after he kidnapped and sexually assaulted a woman. He was indicted for kidnapping and plead guilty as a habitual offender. The rape charge was dropped prior to his sentencing hearing.

¶2. After a trial court sentenced him to serve twenty-five years in prison with five years of non-reporting post-release supervision to follow, the man petitioned for post-conviction relief (PCR). The court denied his petition. On appeal, the petitioner addresses several issues not mentioned in his PCR petition. Because he is procedurally barred from presenting his new arguments, we affirm.

**FACTS**

¶3.    Marquitta Henderson was traveling on a road in Panola County when a stranger, later identified as Julius Bland, flagged her down on the side of the street.  When Henderson pulled over, Bland dragged her out of her seat, stuffed her in the trunk of a car he was driving, drove about sixty miles to a neighboring county, and sexually assaulted her in the woods.  He later drove to an abandoned house and repeated the assault.  Some time after Henderson escaped, Bland was apprehended by police and indicted on a kidnapping charge as a non-violent habitual offender because he had previously been convicted of two burglaries in separate counties.[1]

¶4.    Bland decided to plead guilty to the kidnapping charge and signed a detailed petition to that effect.  During his sentencing hearing, the trial court asked him a set of standard questions to ensure Bland was fully informed as to the basis of his guilty plea.  For example, the court asked him whether his attorney "read everything" to him pertaining to his plea and whether his counsel answered any questions he may have had.  The court further asked Bland to confirm whether his attorney went over the facts of the case, elements of the charges, and possible defenses with him.  Bland answered each of these questions affirmatively.  His attorney also confirmed that he explained Bland's status as a habitual offender to him.

¶5.    When the State offered certified copies of his previous burglary convictions, Bland expressed his approval of the documents' introductions, admitting that "certified copies were provided to [me] in discovery, no surprise, no prejudice."

---

[1] As previously mentioned, Bland's rape charge was dropped.

¶6.     After the State recited the facts surrounding the kidnapping charge, the trial court asked Bland whether he agreed with the State's allegations and version of the facts. Bland replied that "[t]he only thing I did, I offered her money to have sex with me." When the court asked if "everything else is true and accurate as to what he said?" Bland replied, "[Y]es, sir." Bland ultimately admitted to kidnapping his victim and reaffirmed that he was pleading guilty to the charge for that reason. Finally, he confirmed that he was previously convicted of two burglary charges.

¶7.     The trial court sentenced Bland to twenty-five years in the custody of the Mississippi Department of Corrections with five years of non-reporting post-release supervision to follow. In response, Bland petitioned for PCR. Bland prefaced the arguments in his petition by stating that he was not challenging his sentence or conviction. Instead, he took issue with the fact that his indictment was amended to charge him as a habitual offender under section 99-19-83 (Rev. 2015) instead of section 99-19-81 (Rev. 2015), because the change was allegedly "substantive" and furthermore an illegal enhancement of his prison sentence.[2]

¶8.     Bland also argued in his PCR petition that the amendment was illegal because it was not changed by the grand jury. Finally, he claimed his status as a habitual offender was illegal because he served one concurrent prison sentence for the two separate burglary convictions. He later amended his petition to add that he believed the State breached its plea

---

[2] According to the order denying Bland's PCR petition, the reduction in his sentence from section 99-19-83 (which sentences a violent habitual offender to a maximum sentence of life imprisonment) to section 99-19-81 (which sentences him to the maximum term of imprisonment for the "prescribed felony") was based on an agreement between Bland and the State. Miss. Code Ann. §§ 99-19-81 & 83. Contrary to his argument, his sentence was actually *reduced*, not enhanced, by the change in statute.

agreement with him.

¶9.    The trial court denied his petition.  After refuting his arguments with applicable authority, the court ultimately dismissed Bland's claims as unmerited and found that "it appear[ed] beyond doubt that [he] [could] prove no set of facts in support of his claims which would entitle him to relief."

¶10.    Aggrieved, Bland appeals.  However, he now abandons the claims he asserted in his PCR petition.  Instead, he presents several new issues for the first time on appeal, which can be summarized into the following: (1) his conviction is illegal because he did not verbally plead guilty; (2) his conviction as a habitual offender was not established for the record; and (3) his counsel was ineffective because he allegedly failed to object to "non-authenticated documents that were used to prove his habitual status," failed to protect his right to confront witnesses, and failed to object to inadmissible hearsay during his sentencing hearing.

**ANALYSIS**

¶11.    Bland ignores the issues originally raised in the trial court and replaces them with new arguments he failed to bring before that court.  "Issues not raised in [a] motion for post-conviction relief are procedurally barred on appeal." *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007).  Furthermore, "[i]ssues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Griffin v. State*, 824 So. 2d 632, 635 (¶7) (Miss. Ct. App. 2002).  "A trial judge will not be found in error on a matter not presented to him for decision." *Hampton v. State*, 148 So. 3d 1038, 1041 (¶9) (Miss. Ct. App. 2013).

4

¶12. As a result, our review is strictly limited to those arguments contained in the appellant's petition unless the argument affects his fundamental rights. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013). However, even if an appellant does claim his fundamental rights were affected, this Court must still assess whether his claim is worthy of examination. "[T]he mere assertion of a constitutional right violation does not trigger the exception." *Id*. (internal quotation marks omitted). Rather, "there must at least appear to be some basis for the truth of the claim of a fundamental-constitutional-rights violation." *Id*. (internal quotation mark omitted); *see also Hays v. State*, 282 So. 3d 714, 719 (¶17) (Miss. Ct. App. 2019) (Appellants wishing to escape a procedural bar through a fundamental rights argument must cite reasons and authorities to support their claim.)

¶13. In accordance with these rules, we find that Bland's entire appeal is procedurally barred. As stated earlier, Bland abandoned the issues he argued in his PCR petition and presented new issues that were not brought before the trial court. Additionally, he did not support any issues pertaining to a fundamental right (i.e., the legality of his conviction) with applicable authority, as *Evans* and *Hays* require. Coupled with the fact that the record reflects Bland's initial satisfaction with his guilty plea, we decline to address any of his arguments on appeal. His conviction and sentence are affirmed.

¶14. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**